1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELISA MAGALLANES DE VALLE

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No.  1:19-cv-00672-NONE-EPG

FINDINGS AND RECOMMENDATIONS APPROVING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

(ECF No. 18)

Before the Court is Defendant, United States of America's, Motion for Good Faith Settlement Determination pursuant to California Code of Civil Procedure § 877.6. (ECF No. 18.) No opposition to the motion has been filed.

On July 10, 2020, the Court held a telephonic hearing on the matter at which Peter Bertling appeared telephonically for Plaintiff, Elisa Magallanes De Valle, and Kelli L. Taylor appeared telephonically for Defendant. (*See* ECF No. 23.) For the reasons discussed below, the Court recommends that the Motion for Good Faith Settlement Determination be granted.

## BACKGROUND

This is a medical malpractice case brought under the Federal Tort Claims Act ("FTCA"). 29 U.S.C. § 2671-2680. The case arises from a vaginal hysterectomy performed at Doctors Medical Center of Modesto ("Doctors Medical").

1

**A.   Factual Background**

In June 2015, Plaintiff sought medical attention for complaints of anemia from blood loss caused by heavy periods. In May 2016, Plaintiff complained of worsening pelvic pain and continued heavy menstrual bleeding. Plaintiff consented to a hysterectomy.

On June 27, 2016, Plaintiff underwent a total vaginal hysterectomy and bilateral salpingo-oophorectomy at Doctors Medical. The surgery was performed by Rebecca J. Brock, M.D., who is deemed to be an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, and who was acting within the scope of her employment at the time of the underlying incident. As a result, the United States is the proper defendant in this action.

Plaintiff was observed in the hospital for two days after the surgery, during which time she progressed to a regular diet, was ambulating, eating well, and passing gas. Plaintiff was discharged on June 29, 2016, with instructions to follow up at Golden Valley Health Center or to return to the Emergency Department sooner for increasing pain, fever, or drainage from the wound.

Later that day, Plaintiff returned to Doctors Medical with complaints of chest pain/tightness. Plaintiff reported normal urination but no bowel movements since surgery. A CT scan of the abdomen revealed a nick of the colon. Plaintiff was readmitted to the hospital for treatment of a rectosigmoid laceration (i.e., tear in the distal part of the sigmoid colon and the proximal part of the rectum).

On June 30, 2016, an exploratory laparotomy was performed to repair a rectal injury. After staying in the hospital for 8 days, Plaintiff was discharged home on July 8, 2016, tolerating a regular diet and passing stool through a colostomy. Eight months after the repair surgery, Plaintiff's colostomy could not be taken down because of scarring in the pelvis. Plaintiff was referred to University of San Francisco and treated there until her last surgery on January 23, 2018. Plaintiff returned to work but complains of continued gas and pain and states that she is evaluating further surgical options.

///

**B.     Procedural Background**

On September 27, 2017, Plaintiff filed a medical malpractice action in Stanislaus County Superior Court against Dr. Brock, Doctors Medical, and Golden Valley Health Centers-Modesto Women's Health ("GVHC"). That case was removed to federal court and the United States was substituted for Dr. Brock and GVHC pursuant to 42 U.S.C. § 233. (*See* Case No. 1:18-cv-00130-LJO-BAM at ECF No. 1.) The claims against the United States were then dismissed without prejudice on the ground that Plaintiff had failed to exhaust her administrative remedies under the FTCA, and the state law claims were remanded to state court. (Case No. 1:18-cv-00130-LJO-BAM at ECF No. 7.) The state law claims remain pending before the state court.

On May 15, 2019, after exhausting her administrative remedies, Plaintiff filed the present action bringing a medical malpractice claim under the FTCA against the United States. (ECF No. 1.) Plaintiff has also filed a motion requesting that the Court exercise supplemental jurisdiction over the state law claims that were remanded and remain pending in state court. (ECF No. 12.)

In the present action, the United States issued extensive discovery to Plaintiff earlier in 2020 but granted multiple extensions of time for Plaintiff to respond. Depositions were also scheduled but were cancelled and postponed due to the COVID-19 pandemic and the resulting shelter in place orders. The United States has thus not been able to depose Plaintiff or have its consultant perform an Independent Medical Examination of Plaintiff, both of which were expected to occur. Plaintiff was, however, deposed in the pending state court action prior to the COVID-19 shutdown.

The United States represents that although additional discovery could reveal additional facts, the parties have agreed that they have sufficient information to settle the case and have accordingly reached a conditional settlement of the case for $315,000, which is documented in a detailed settlement agreement and release and requires this Court's approval of the United States' Motion for Good Faith Settlement Determination and dismissal with prejudice of the United States from this action. (ECF No. 18-1 at 3.)

///

///

**LEGAL STANDARD**

Under California law,

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.
>
> . . . .

Cal. Civ. Proc. Code § 877.

California law also provides a mechanism through which a settling tortfeasor can request a determination that the settlement is in good faith in order to bar any further claims against the settling tortfeasor related to the alleged tort or obligation:

> [(a)(2)] [A] settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested, or by personal service. Proof of service shall be filed with the court. Within 25 days of the mailing of the notice, application, and proposed order, or within 20 days of personal service, a nonsettling party may file a notice of motion to contest the good faith of the settlement. If none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement. The notice by a nonsettling party shall be given in the manner provided in subdivision (b) of Section 1005. However, this paragraph shall not apply to settlements in which a confidentiality agreement has been entered into regarding the case or the terms of the settlement.
>
> . . . .
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Cal. Civ. Proc. § 877.6(a)(2), (c).

A settlement is made in good faith under §§ 877 and 877.6 if it is within a "reasonable range" of the settling parties' proportionate share of liability to the plaintiff. *Tech–Bilt Inc. v.*

4

*Woodward–Clyde & Assoc.*, 38 Cal.3d 488, 499 (1985). Courts, in making a good faith settlement determination consider the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Id.* (citation omitted).

Any party opposing an application for good-faith settlement bears the burden of proving "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id.* at 499-500; *see also* Cal. Civ. Proc. Code § 877.6(d) ("The party asserting the lack of good faith shall have the burden of proof on that issue.").

When no party objects to the proposed settlement, the court may bypass the *Tech–Bilt factors* and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal.App.3d 1251, 1261 (1987); *PAG–Daly City, LLC v. Quality Auto Locators, Inc*., No. C 12–3907 WHA, 2014 WL 807415, at **1–2 (N.D. Cal. Feb. 27, 2014); *Bonds v. Nicoletti Oil, Inc*., No. CV–F–07–1600 OWW/DLB, 2008 U.S. Dist. LEXIS 79814, at *14, 2008 WL 4104272 (E.D. Cal. Sept. 3, 2008) (granting motion for good faith settlement and declining to consider *Tech–Bilt* factors because there was no opposition to the motion).

**ANALYSIS**

Here, no opposition or objection has been filed to the motion for good faith settlement determination. Further, counsel for the United States has submitted a declaration explaining that she has had several discussions with counsel for Doctors Medical, that Doctors Medical's counsel is aware of the conditional settlement and the amount of that settlement, and is aware that the United States is seeking a good faith determination of the settlement to bar any attempt for contribution or indemnity by Doctors Medical, or others, against the United States arising from

1  the facts of this action, the related state case, and/or Plaintiff's hysterectomy. (ECF No. 22-1 at 1-
2  2.)

3         The United States served Doctors Medical with copies of the moving papers via email
4  sent to Doctors Medical's counsel. (ECF No. 18-2 at 1.) The United States also informed Doctors
5  Medical of the continued hearing date, again through email to Doctors Medical's counsel. (ECF
6  No. 22-1 at 7-9.) Doctors Medical's counsel has repeatedly confirmed to counsel for the United
7  States that he did not expect Doctors Medical to oppose the United States' request for good faith
8  settlement determination. (*Id.*) [1]

9         As to the settlement itself, as there is no objection, there is no need for the Court to review
10 the *Tech-Bilt* factors. *See City of Grand Terrace*, 192 Cal.App.3d at 1261; *PAG–Daly City,* 2014
11 WL 807415, at **1–2; *Bonds*, 2008 WL 4104272. Nonetheless, out of an abundance of caution,
12 the Court has reviewed the *Tech-Bilt* factors in relation to the facts of this case, Plaintiff's claims,
13 and the United States' defenses. Consideration of these factors supports a good faith settlement
14 determination.

15        Finally, all parties are represented by competent counsel, who have chosen not to oppose
16 the terms of the settlement, nor have they opposed the request that the Court deem the settlement
17 to have been made in good faith.

18        Accordingly, in the absence of any objection, and based on the existing record in this case,
19 the Court concludes that the settlement reached between Plaintiff and the United States was made

20

21        [1] During the hearing on the Motion for Good Faith Settlement Determination, the Court questioned whether
the method of service of the moving papers was sufficient and pointed out that Cal. Civ. Proc. § 877.6(a)(2) requires
22 that the moving papers, including the proposed order, be served by certified mail, return receipt requested, or by
personal service, and that proof of such service be filed with the Court. The Court requested that the United States
23 file a supplement addressing what appears to be a deficiency in the method of service.
          In response, the United States has filed a supplemental brief explaining that Doctors Medical, through its
24 counsel, expressly agreed to accept personal service via email in light of the COVID-19 pandemic and the shelter in
place orders that were in effect at the time the motion was filed and service was accomplished. (ECF No. 24 .) As the
25 United States explains, because no one was present at the offices of Doctors Medical to receive service of process in
person, Doctors Medical agreed to personal service via email. (ECF No. 24 at 2.) In support, the United States has
26 attached a copy of an email between counsel for the United States and counsel for Doctors Medical in which Doctors
Medical's counsel agrees that appropriate statutory notice under Cal. Civ. P. § 877.6 has been provided, that Doctors
27 Medical has waived any other form of service, and that Doctors Medical does not oppose the motion for good faith
settlement determination. (EFC No. 24-1 at 2-3.) The Court finds that the statutory requirements for notice under Cal.
28 Civ. P. § 877.6(a)(2) have been met.

1   in good faith and otherwise complies with § 877.6.  The United States' motion should therefore

2   be granted.

3                               **CONCLUSION and RECOMMENDATION**

4          For the reasons discussed above, this Court **RECOMMENDS**, that

5          1.      The Motion for Good Faith Settlement Determination (ECF No. 18), filed by

6                  Defendant, the United States of America, be GRANTED;

7          2.      The settlement between Plaintiff, Elisa Magallanes De Valle, and Defendant, the

8                  United States of America, be found as made and entered into in good faith

9                  pursuant to Cal. Code Civ. Proc. § 877.6(a) and (c);

10         3.      Any party, person, or entity should therefore be barred from maintaining or

11                 making any future claim(s) against Defendant, the United States of America, for

12                 equitable comparative contribution or for partial or complete comparative

13                 indemnity, under common law or statute, or based upon principles of comparative

14                 negligence or comparative fault based upon the claims at issue in this matter; and

15         4.      That the parties be directed to file a stipulation for dismissal of this action within

16                 thirty days of the issuance of the order granting the Motion for Good Faith

17                 Settlement Determination.

18         These Findings and Recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

20   Local Rules of Practice for the United States District Court, Eastern District of California. Within

21   fourteen (14) days after being served with these Findings and Recommendations, any party may

22   file written objections with the court and serve a copy on all parties. Such a document should be

23   captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

24   will review the magistrate judge's findings and recommendations pursuant to Title 28 of the

25   United States Code section 636(b)(1)(C).

26   \\\

27   \\\

28   \\\

1      The parties are advised that failure to file objections within the specified time may waive

2   the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5      Dated:   **August 5, 2020**                    /s/ Erica P. Grosjean

6                                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28